UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SHANE PERSON,

        Plaintiff,

v.

RAMONA JONES *et al*.,

        Defendants.

_____/

Case No. 1:23-cv-856

Hon. Hala Y. Jarbou

### ORDER TO TRANSFER VENUE

Plaintiff filed this lawsuit against his ex-wife, Ramona M. Jones, criminal victims A.A., O.P., and M.P., Detective Daniel Patton, and Deputy Prosecutor Tyler Craig Bickerton.  The Court construed this action as involving a civil rights violation and granted plaintiff *in forma pauperis* status based upon a "PLRA in forma pauperis status report" from the Coyote Ridge Corrections Center in Connell, Washington.  *See* Prisoner Trust Fund Account (ECF No. 2); Order to proceed *in forma pauperis* (ECF No. 7).

Plaintiff set forth the following allegations. Plaintiff lived in the State of Washington with defendant Jones and 11 children.  Compl. (ECF No. 1, PageID.3).  Defendant Jones left plaintiff in April 2017 to relocate in Michigan.  *Id*.  Sometime in 2017 or 2018 defendant Jones lived in Oklahoma and filed for divorce from plaintiff in an Oklahoma court.  *Id*. at PageID.4.  At some point, defendants Jones, A.A., O.P, and M.P. filed fraudulent child sexual abuse allegations with Detective Patton of the Shelton Police Department (Mason County, Washington) which "generated 18 fraudulent sexual assault charges" against plaintiff.  *Id*.  *See State of*

1

*Washington v. Anthony Shrone Person*, 25 Wash. App. 2d 1047 (unpublished), 2023 WL 2131267 at *1 (Feb. 21, 2023), *review denied*, 532 P.3d 147 (Wash. 2023).[1]

Sometime in June 2020, plaintiff was arrested in Grand Rapids, Michigan and extradited to Washington by Detective Patton.  Compl. at PageID.5. *See Person*, 2023 WL 2131267 at *1 ("In June 2020, the trial court issued a warrant for Person's arrest. In July, police found him living under a different name in Michigan. Police arrested and extradited Person to Mason County. The court arraigned Person and set bail at $250,000.").  Plaintiff alleged that while in the Kent County (Michigan) Jail, he did not freely sign a waiver of extradition to Washington in violation of the Sixth Amendment.  Compl. at PageID.5.

Plaintiff alleged that defendant M.P. disclosed to a third-party (David P. Hill) that defendant Jones forced M.P., along with defendants O.P. and A.A., to submit fraudulent child sexual abuse complaints against plaintiff to the Shelton Police Department.  *Id*. at PageID.6.  Hill "notified court officers" of this, including defendants Detective Patton and Deputy Prosecutor Bickerton.  *Id*.  Nevertheless, plaintiff was found guilty of all 18 counts of sexual assault and sentenced by Mason County Superior Court Judge Cobb to 23 years in prison.  *Id*. at PageID.9. The state appellate court affirmed the convictions. *See Person*, 2023 WL 2131267.  Plaintiff stated

---

[1] The state appellate court set out the criminal conduct as follows:

[I]in February 2018, A.A., O.P., and M.P. reported to police that Person sexually assaulted them as children. In April 2020, the State charged Person with 12 counts of sexual assault. As to A.A., the State charged Person with one count each of first and second degree child molestation and second degree incest. As for O.P., the State charged Person with one count each of first, second, and third degree rape of a child; first, second, and third degree child molestation; and first degree incest. And for M.P., the State charged Person with one count each of second degree child molestation and second degree incest. . . .

On September 18, 2020, the State amended the information to add six more counts. For the charges related to A.A., the State added one count each of first, second, and third degree rape of child, third degree child molestation, and first degree incest. And for O.P., the State added one count of second degree incest. . . .

*Person*, 2023 WL 2131267 at *1.

that he has a pending habeas claim regarding these convictions in the United States District Court for the Western District of Washington.  *See* Compl. at PageID.2; *Anthony Shrone Person v. Melissa Andrewjski*, 3:23-cv-5434 (W.D. Wash) (ECF No. 19) (habeas petition).

Plaintiff's complaint appears to contest the criminal charges filed in Mason County, his extradition to Washington, and the Mason County criminal convictions.  As discussed, plaintiff is currently contesting the convictions in a federal habeas action pending in the Western District of Washington.  In this regard, plaintiff wants to file criminal charges against defendants pursuant to "Criminal Procedure § 603.02", 18 U.S.C. § 1201 (kidnapping), 18 U.S.C. § 241(conspiracy against rights), 18 U.S.C. § 242 (deprivation of rights under color of law), 18 U.S.C. § 249 (hate crime acts), and 18 U.S.C. § 1038 (false information and hoaxes).  Compl. at PageID.1, 11.  For his relief, plaintiff states that his "motion [sic] should be granted to proceed at public expense as there is probable cause the defendants committed the offenses alleged in the complaint."  *Id*. at PageID.14.

Plaintiff has improperly filed this action in the United States District Court for the Western District of Michigan.  For the reasons discussed below, this matter will be transferred to the Western District of Washington.[2]

The general venue provisions in 28 U.S.C. § 1391(b) provide in pertinent part that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or  "(2) a judicial district in

---

[2] This case has been referred to the undersigned for handling of all matters under § 636(a) and § 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B).  *See* Order (ECF No. 4).  "The transfer of venue is a non-dispositive matter."  *Marshall v. George*, No. 1:20-cv-722, 2020 WL 6318593 at *1, fn. 1 (W.D. Mich. Oct. 28, 2020).

which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated". In this regard, 28 § 1406(a) provides that,

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Plaintiff has not alleged where defendants currently reside. The only alleged wrongful conduct which occurred in the Western District of Michigan was plaintiff's extradition from Kent County, Michigan to Washington. All other alleged wrongful conduct occurred in Mason County, Washington, which is located within the jurisdiction of the Western District of Washington[3]: plaintiff committed the criminal sexual assaults in Mason County; the allegedly fraudulent claims of sexual assault were made in Mason County; and plaintiff was charged, convicted and sentenced in the Mason County Superior Court. For all of these reasons, the Court concludes that venue is proper in the Western District of Washington. *See* 28 U.S.C. § 1391(b)(2). Finally, because plaintiff's claims and "motion" appear related to his federal habeas corpus action pending in the Western District of Washington, the Court finds that it is in the interest of justice to transfer this case to that district. Accordingly,

**IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1406(a).

Dated:  October 12, 2023              /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge

---

[3] *See* 28 U.S.C. § 128 (the Western District of Washington includes Mason County).

4